**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 07-4246**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SHAWN LATIFF EARLY,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  N. Carlton Tilley, Jr., District Judge.  (1:06-cr-00066-NCT)

———————

Submitted:  September 19, 2007      Decided:  October 12, 2007

———————

Before MICHAEL, TRAXLER, and SHEDD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Louis C. Allen, III, Federal Public Defender, Gregory Davis, Senior Litigator, Winston-Salem, North Carolina, for Appellant.  Michael Augustus DeFranco, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a plea agreement, Shawn Latiff Early pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C.A. §§ 922(g)(1), 924(a)(2) (West 2000 & Supp. 2007). The district court sentenced Early to eighty-three months in prison. Early appeals his conviction and sentence. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), finding no meritorious grounds for appeal but questioning whether the sentence imposed by the district court was reasonable. Early also filed a pro se supplemental brief challenging his sentence. We affirm.

In imposing a sentence after United States v. Booker, 543 U.S. 220 (2005), a court still must calculate the applicable guideline range after making the appropriate findings of fact and consider the range in conjunction with other relevant factors under the guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007). United States v. Moreland, 437 F.3d 424, 432 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006). This court will affirm a post-Booker sentence if it "is within the statutorily prescribed range and is reasonable." Id. at 433 (internal quotation marks and citation omitted). "[A] sentence within the proper advisory Guidelines range is presumptively reasonable." United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006); see Rita v. United States, 127 S. Ct. 2456, 2462-69 (2007) (upholding application of rebuttable presumption of reasonableness to within-guidelines sentence).

The district court sentenced Early only after considering and examining the sentencing guidelines and the § 3553(a) factors, as instructed by <u>Booker</u>.  Early's eighty—three—month prison term is within the properly calculated advisory guideline range and well within the ten-year statutory maximum sentence set forth in 18 U.S.C.A. § 924(a)(2).  Neither Early nor the record suggests any information so compelling as to rebut the presumption that the sentence is reasonable.  We therefore conclude that the sentence is reasonable.

We have reviewed Early's pro se supplemental brief and find the issue he raises meritless.  In accordance with <u>Anders</u>, we have reviewed the entire record for any meritorious issues and have found none.  Accordingly, we affirm the district court's judgment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>